## CINCINNATI, LAWRENCEBURG & AURORA ELECTRIC STREET RAILWAY COMPANY *v.* COOK.

[No. 6,695. Filed February 6, 1908.]

APPEAL.—*Amended Complaint.*—*Demurrer to "Complaint."*—A demurrer to the "complaint," where an amended complaint had been filed and which was the only complaint in the record, properly questions the·sufficiency of such amended complaint.

From Dearborn Circuit Court; *G: E. Downey,* Judge.

Action by Margaret E. Cook against the Cincinnati, Lawrenceburg & Aurora Electric Street Railway Company. From a judgment for plaintiff, defendant appeals. (For decision on merits see — Ind. App. —) On motion to dismiss appeal. *Motion overruled.*

*Stanley Shaffer, Frank B. Shutts* and *Martin J. Givan,* for appellant.

*Wymond J. Beckett* and *Thomas S. Cravens,* for appellee.

RABB, J.—On September 15, 1906, appellee filed her complaint against the appellant in the court below in the above-entitled cause. On October 10, 1906, she filed an amended complaint. ·On October 17, 1906, appellant filed its demurrer to the appellee's complaint, in which demurrer the complaint was referred to as the "plaintiff's complaint," and not the "plaintiff's amended complaint." This demurrer was overruled by the court and exception reserved by the appellant. On January 14, 1907, appellant filed its answer to the appellee's complaint, and in this answer the complaint is referred to and described as the "plaintiff's complaint," and not "plaintiff's amended complaint." The cause was submitted to a jury for trial, and verdict and judgment rendered in favor of the appellee on the complaint. The court, in its instructions to the jury, referred to the "complaint," and the record discloses that the court permitted the jury to take with them to the jury-room the "complaint." No

reference was made to the "amended complaint." The appellant assigns as error in this court the action of the court below in overruling its demurrer to the "complaint;" overruling appellant's motion in its favor on the answers to interrogatories returned by the jury with their general verdict, and overruling its motion for a new trial. The original complaint does not appear in the transcript of the record brought to this court. Appellee moves to dismiss the appeal on the ground that the record presents no question for the reason that the original complaint does not appear in the record, her theory being that the cause was put at issue and tried upon the original and not the amended complaint, and that no question is presented as to the sufficiency of the amended complaint, and no judgment rendered upon the amended complaint. Appellee's motion is predicated upon an erroneous theory. The record discloses that there is but one complaint in this cause, and that is the complaint substituted for the original. It is true that it is an amended complaint, but it is nevertheless a complaint, and the only complaint on file when the demurrer and answer were filed. When it was filed the orginal complaint went out of the record, and would have no proper place in the record. The demurrer to the complaint, subsequently filed by the appellant, was addressed to the only complaint then in the case, and could apply to no other, and the answer subsequently filed in the case, and addressed to the complaint, was an answer to the complaint that then stood on file against the appellant, and none other. The fact that the complaint was designated in the demurrer and in the answer as the "complaint," and not the "amended complaint," was wholly immaterial. After the amended complaint was filed all subsequent references to the complaint made in the cause, either in the pleadings, instructions given by the court to the jury, or the record entries, must be taken to refer to the "amended complaint." The amended complaint is properly incorporated in the rec-

NOVEMBER TERM, 1907.          229

Western Construction Co. v. Romona, etc., Stone Co.—41 Ind. App. 229.

ord, and the question of its sufficiency is properly raised by demurrer, and is properly presented in this court, and all questions presented by the appellant's assignment of errors are properly presented here for the determination of this court.

Motion to dismiss the appeal overruled.

Comstock, Myers, Hadley and Watson, JJ., concurring.

Roby, C. J., absent.